**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7238**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COLLIER DOUGLAS SESSOMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:06-cr-00063-BR-1)

Submitted: October 18, 2016      Decided: October 21, 2016

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Collier Douglas Sessoms, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collier Douglas Sessoms seeks to appeal his 235-month sentence imposed following his convictions for transmission of child pornography, in violation of 18 U.S.C. § 2252(a)(1) (2012), and transportation of obscene matters over the Internet, in violation of 18 U.S.C. § 1462 (2012). In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on the docket on March 26, 2008. Sessoms filed his notice of appeal on September 6, 2016.[2] Because Sessoms failed to file a timely notice of appeal or obtain an extension of the appeal period, we

---

[1] At the time judgment was entered, the appeal period was 10 days. Fed. R. App. P. 4(b)(1)(A)(i) (2008). On December 1, 2009, the period was extended to 14 days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Sessoms' notice of appeal is untimely under either period.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

dismiss the appeal.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009).  Because Sessoms' appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).